Per Curiam.

An official referee has reporté® that two charges of professional misconduct have been established by the evidence.
The respondent grossly neglected the interests of a client named von Baumann; made false representations to him regarding the status of his case; stated it had been settled for $350 and gave $100 to him as advances against the settlement. His statements were false. No action had ever been instituted and no settlement was ever made. These facts were disclosed only after the client retained another attorney who commenced a proceeding to compel the respondent to “ turn over ” the balance claimed to be due under the alleged settlement of the nonexistent action.
The evidence introduced in support of the second charge established that the respondent neglected the interests of a client named Hamel, delayed the commencement of .an action on her behalf for one year; falsely represented in the meantime that an action had been commenced. He permitted a preclusion order to be entered against his client by defaulting in the service of a bill of particulars. He caused his client unnecessary expense and effort on two occasions by directing her to travel from her home in New Hampshire to Bronx County upon the false representation that the action was on the calendar and was ready to be tried. The case was never placed on the calendar by the respondent. He later falsely represented that the action was settled for $2,000 and had his client execute a release in that sum. A new attorney thereafter opened the default, had the preclusion order vacated, placed the case on the calendar and settled it, on the eve of trial, for $1,500.
The report of the official referee is fully supported by the record. The pleadings and the admissions of the respondent and the evidence submitted by the petitioner establish that the defendant was guilty of professional misconduct as charged.
There are mitigating circumstances, however, which lead the court to conclude that a suspension from practice for a period of six months is sufficient punishment.
The respondent should be suspended for six months with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.
Glennou, Dore, Cohn and Peck, JJ., concur.
Respondent suspended for six months.